```
IN THE UNITED STATES DISTRICT COURT FOR THE
         EASTERN DISTRICT OF OKLAHOMA

KARIANNE MANN,                )
                              )
          Plaintiff,          )
                              )
v.                            )   Case No. CIV-15-419-RAW-KEW
                              )
NANCY A. BERRYHILL, Acting    )
Commissioner of Social        )
Security Administration,      )
                              )
          Defendant.          )
```

## REPORT AND RECOMMENDATION

Plaintiff Karianne Mann (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on September 22, 1960 and was 53 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a cashier. Claimant alleges an inability to work beginning December 31, 2012 due to limitations resulting from depression, carpal tunnel syndrome, rotator cuff problems, neck problems, severe headaches, obesity, and dizziness.

**Procedural History**

On February 17, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On September 17, 2013 and June 17, 2014, Administrative Law Judge ("ALJ") J. Dell Gordon conducted an administrative hearing in Oklahoma City, Oklahoma. On July 1, 2014, the ALJ issued an unfavorable decision. On August 28, 2015, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform her past relevant work.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) evaluating the opinion evidence in the record; (2) failing to determine the severity of Claimant's headaches, discuss Claimant's obesity, or discuss Claimant's syncope; (3) failing to evaluate the cumulative effect of all of Claimant's impairments.

**Evaluation of the Opinion Evidence**

4

In his decision, the ALJ determined Claimant suffered from the severe impairments of a back disorder, impingement syndrome, carpal tunnel syndrome, status post bilateral carpal tunnel release, major depressive disorder, and mood disorder. (Tr. 13). The ALJ concluded that Claimant retained the RFC to perform her past relevant work as a cashier. (Tr. 21). He also found Claimant's RFC permitted her to perform less than light work with limitations. In so doing, he found Claimant could lift/carry 20 pounds occasionally and ten pounds frequently, sit for six hours in an eight hour workday, and stand and walk for six two hours in an eight hour workday. Claimant could occasionally stoop, reach overhead bilaterally due to impingement syndrome and was limited to frequent handling and fingering bilaterally due to residuals of carpal tunnel syndrome, status post bilateral carpal tunnel release. Claimant should avoid concentrated exposure to vibration, as well as avoid concentrated exposure to hazards such as dangerous machinery, exposed heights, etc. Claimant was limited to performing simple tasks with routine supervision and relating to supervisors and peers on a superficial work basis. (Tr. 15). After consulting with a vocational expert, the ALJ concluded Claimant could perform her past relevant work and the representative jobs of sales attendant, and motel cleaner, both of which were found to exist in sufficient numbers in both the regional and national economies. (Tr. 22). As

a result, the ALJ found Claimant was not disabled since from May 24, 2009 through December 31, 2012, the date last insured.  Id.

Claimant contends the ALJ failed to properly evaluate the opinion evidence in the medical record.  The ALJ must evaluate every medical opinion in the record, and he will consider several factors in deciding the weight that should be given to any medical opinion.  Salazar v. Barnhart, 468 F.3d 615, 625-626 (10th Cir. 2006)(citing 20 C.F.R. § 416.927(d)).  In evaluating medical opinions, the ALJ must accord each opinion the proper weight on the basis of: (1) the examining relationship; (2) the treatment relationship; (3) the length of the treatment relationship and the frequency of examinations; (4) the nature and extent of the treatment relationship; (5) how well the opinion is supported; (6) its consistency with other evidence; and (7) whether the opinion is from a specialist.  Id. at 626.  *See also* Watkins v. Barnhart, 350 F.3d 1297, 1301 (10th Cir. 2003); 20 C.F.R. §§ 404.1527(d), 416.927(d).  The ALJ must give good reasons for the weight assigned to a medical opinion and set forth specific, legitimate reasons for rejecting an opinion of an acceptable treating source.  Watkins, 350 F.3d at 1300-1301.

Dr. David J. Flesher, Claimant's treating physician, found she had reached maximum medical improvement on April 21, 2011.  He

determined Claimant was permanently restricted to lift/carry ten pounds, including pushing/pulling. He also found Claimant could perform no overhead/away from body activity bilaterally with her hands and arms. (Tr. 412). The ALJ did not acknowledge this report in his decision. Rather, he noted Dr. Flesher's report of March 22, 2011 which restricted Claimant to the same weight limits but made the restrictions temporary. (Tr. 413). The ALJ concluded that this opinion should be afforded "little weight" because "[s]ubsequent treating opinions and the opinions of the State agency consultants are provided greater weight." (Tr. 19). Since the primary basis cited for rejecting Dr. Flesher's opinion was that the restrictions he imposed were "temporary", the failure to acknowledge the permanent restriction in April of 2011 is error. Moreover, simply citing to the existence of other opinions as a basis for arbitrarily providing a reduced weight to a treating physician's opinion does not comport with <u>Watkins</u> and its progeny. On remand, the ALJ shall re-evaluate Dr. Flesher's opinion, providing specific and legitimate reasons for giving it anything less than controlling weight.

Claimant also takes issue with the ALJ's evaluation of the opinion of Dr. Shalom Palacio-Homon, who performed a mental status examination on Claimant on April 18, 2012. Dr. Palacio-Homon concluded Claimant met the diagnoses for depression and anxiety, exhibiting panic attacks, guilt, feelings of hopelessness and

7

helplessness, and poor judgment. Her prognosis was poor. Her adjustment to stress was poor. Dr. Palacio-Homon found Claimant would likely decompensate with increased demands. Her psychological deficits may interfere with her ability to perform activities of daily living and tasks outside of the home. She was found to be able to understand, remember, and carry out simple instructions but her ability to interact with the public, including co-workers and supervisors was poor. (Tr. 576-77).

The ALJ gave this opinion "great weight", finding it consistent with the subsequent opinion of the State agency consultant. (Tr. 19). Yet, the ALJ did not explain the reason he failed to incorporate the totality of Dr. Palacio-Homon's restrictions in his RFC, including the inability to interact with the public. (Tr. 15). On remand, the ALJ shall re-evaluate his RFC to determine whether further restrictions found by Dr. Palacio-Homon should be incorporated.

Claimant also challenges the manner in which the ALJ addressed the opinion of Dr. Douglas Kaplan, a neurologist. Dr. Kaplan authored evaluations from May 31, 2011 through December 12, 2011 addressing Claimant's chronic cervicogenic headache disorder. Dr. Kaplan prescribed Trazodone for headache prevention and Mobic and Norflex for headache and neck pain. He noted she gets "some relief" with this medication. (Tr. 532).

8

The ALJ was critical of this opinion because it does not set any specific limitations and that opinions for worker's compensation are of limited value. He gave the opinion "little weight". (Tr. 19). He also failed to evaluate the opinion under the <u>Watkins</u> rubric. On remand, he shall do so.

Claimant argues the ALJ improperly evaluated the opinion of Dr. Andrew Parkinson who found Claimant had reached maximum medical improvement but was under a permanent restriction of lifting/carrying 25 pounds and pushing/pulling up to 50 pounds. (Tr. 411). The ALJ gave this opinion "great weight" without explanation. (Tr. 19). Interestingly, this opinion was authored for worker's compensation purposes but the ALJ did not devalue its content as he did for Dr. Kaplan on that basis. The ALJ shall provide consistency in his evaluations on remand and also provide a basis for accepting one opinion over another which he has failed to do in the current decision.

Claimant also contends the ALJ accepted the opinions of the agency physicians, Dr. William Bachlmed and Dr. K. Samaratunga, and gave them "great weight" without explanation. The ALJ shall provide the required analysis of this opinion evidence to justify the weight given to each, especially since the accepted opinions are agency physicians whose positions have been given greater weight than the treating physicians' opinions without adequate reasoning.

9

### Evaluation of Claimant's Headaches, Obesity, and Syncope and the Combined Effect of All Conditions

An ALJ must assess the severity of Claimant's impairments and a finding of non-severity at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five. In his RFC assessment, the ALJ must consider the combined effect of all medically determinable impairments, whether severe or not. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2); Wells v. Colvin, 727 F.3d 1061, 1068-69 (10th Cir. 2013).

The ALJ failed to assess Claimant's headaches, obesity, and syncope and evaluate the combine effect of these conditions, whether they are severe or non-severe, upon Claimant's ability to engage in basic work activity. The medical record supports the presence of these conditions. On remand, the ALJ shall evaluate these medical conditions and their effect in combination with the other severe impairments he has already found.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED**

for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE